# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**RICHARD S. BRYSON,**

     **Plaintiff,**

**vs.**                             **Case No. 4:24cv180-WS-MAF**

**GEORGE EMANOILIDIS,**

     **Defendant.**

_____/

## REPORT AND RECOMMENDATION

On April 23, 2024, a "petition for writ of mandamus" was received in this Court. ECF No. 1. The Clerk's Office opened this case for Mr. Bryson, but the Court's review of the petition and documents received with the petition reveals this case was opened in error.

The first page of the petition is styled for the Bradford County Court of Bradford County, Florida. ECF No. 1 at 1. The petition is titled as a "12.100 Petition," suggesting it is filed pursuant to a Florida Rule. *Id.* Moreover, Plaintiff submitted a "certificate of service," which indicates he was serving a "copy" of his petition to the Florida State Prison and to this

Court.  *Id.* at 3.  Therefore, it appears that Plaintiff intended to file a case in state court and only provided a copy of the petition to this Court.

In addition Plaintiff did not pay the filing fee or submit an in forma pauperis motion at the time of case initiation.  That omission also indicates Plaintiff was not intending to file a case in this Court, but only desired to inform this Court of his state court case.  Finally, because this Court lacks authority to issue a mandamus against state officials, *see* 28 U.S.C. § 1361,[1] this case should be dismissed.

In light of the foregoing, it is respectfully **RECOMMENDED** that this case be **DISMISSED** as having been opened in error.

**IN CHAMBERS** at Tallahassee, Florida, on April 25, 2024.

S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] That statute provides that federal district courts "have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361.

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**